IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

GRACE MONGE LA FOSSE,

    **Plaintiff,**

           v.

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DORAL BANK, *et al*,

    **Defendants.**

CIVIL NO. 15-2427 (JAG)

OPINION AND ORDER

GARCIA-GREGORY, D.J.

    This matter is before the Court on Plaintiff Grace Monge La Fosse's, ("La Fosse"), Motion to Remand.[1] Docket No. 4. The Federal Deposit Insurance Corporation ("FDIC") filed a timely response. Docket No. 5. After carefully reviewing the record, the Court GRANTS La Fosse's Motion to Remand.

BACKGROUND

A. Factual Background

    In October 2014, an action was commenced in the San Juan Section of the Court of First Instance, of the Commonwealth of Puerto Rico ("Court of First Instance"), against Doral Bank. Docket No. 1. On February 27, 2015, while the action was pending in state court, Doral Bank was

---

[1] While La Fosse, as a *pro se* litigant, did not explicitly title her motion in an informative manner, we construed her filing, Docket No. 4, as a Motion to Remand. *Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8, 15 (1st Cir. 1990) (construing *pro se* pleadings in favor of the *pro se* party).

closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico ("the Commission"). *Id.* On that same date, the Commission appointed the FDIC as Doral Bank's receiver. *Id.* On May 21, 2015, in a state court judgment, the Court of First Instance stayed the judicial proceedings and officially substituted FDIC in lieu of Doral Bank in the suit. Docket No. 1-5.[2] On October 2, 2015, the FDIC removed the case to the District Court for the District of Puerto Rico arguing that the Court had jurisdiction under 12 U.S.C. § 1819. *Id.* The FDIC also filed a Motion for Temporary Waiver and Stay of Local Rule 5(g), arguing that the Court had enough information in the pleadings to dismiss the suit because La Fosse had not exhausted her administrative remedies under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). Docket No. 2. La Fosse contended, among other arguments, that the case should be remanded to state court because the case was defectively removed to federal court as more than ninety days had passed since the FDIC was appointed as the receiver for Doral Bank. Docket No. 1. In its reply, the FDIC addressed other arguments presented by La Fosse but failed to argue why the removal was timely. Docket No. 5 and 7.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division

---

[2] Although the documents filed by the FDIC were in Spanish, Docket No. 1, the Court took judicial notice of the date when the judgment was entered in state court and translated the relevant parts. *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008) ("A district court may also consider documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice." (quotations omitted)).

embracing the place where such action is pending." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163–64 (1997). Conversely, if no basis for subject matter jurisdiction exists, a party may move to remand the case back to state court. *See* 28 U.S.C. § 1447(c). Additionally, removal must be effected within thirty days after a defendant receives a copy of the state court complaint, or is served, whichever occurs first. 28 U.S.C. § 1446(b). The thirty-day period set forth in § 1446(b) is mandatory and cannot be extended by consent of the parties or by court orders. *Diaz v. Swiss Chalet*, 525 F. Supp. 247, 250 (D.P.R. 1981).

Moreover, a party seeking to remove a case to federal court has the burden of proof, when stipulating that federal jurisdiction exists. *Lopez-Munoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 9 (1st Cir. 2014). Since a district court's decision to remand a case to state court is not reviewable on appeal or otherwise, 28 U.S.C. 1447(d), the removal statute should be strictly construed and any doubts should be resolved against removal of the action. *University of Rhode Island v. A.W. Chesterton Company*, 2 F.3d 1200, 1202 (1st Cir. 1993).

As discussed below, these general principles are modified by statute and case law in a case where jurisdiction exists because the FDIC is a party by substitution or otherwise.

## ANALYSIS

La Fosse argues that removal of the case from state court is barred as it was removed after the ninety-day statutory removal period. Docket No. 4. The FDIC does not oppose or otherwise brief this issue. The Court agrees with Plaintiff.

Both parties agree that FIRREA and 12 U.S.C § 1819 control this case. Docket No. 1 and 4. Section 1819 of title 12 of the United Stated Code enumerates the Corporate powers of the FDIC.

Section 1819, when read in conjunction with the general removal statute, 28 U.S.C § 1441, allows the FDIC to remove "all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party." 12 U.S.C. § 1819(b)(2)(A). The FDIC, however, has to remove the case within a ninety day period that starts running on the date an action is commenced "against the Corporation or the Corporation is substituted as a party."[3] 12 U.S.C. § 1819(b)(2)(B). If the removal clause in Section 1819 is satisfied then the case is deemed to "arise under the laws of the United States" as a matter of statute, thereby, making available removal under § 1441(b). *See* 28 U.S.C. § 1441(b) (allowing removal of "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States.").

This case commenced in the Court of First Instance on October 29, 2014. Docket No. 1. While the case was pending in state court, the Commission declared Doral Bank insolvent and appointed the FDIC as its receiver on February 27, 2015. *Id.* On May 21, 2015, the Court of First Instance stayed the state court proceedings and substituted the FDIC as a receiver for Doral Bank. Docket No. 1-5 at 2. The Court finds that, at the latest, when the FDIC was substituted as a party the ninety-day removal clock started running. *See F.D.I.C. v. Keating*, 12 F.3d 314, 316 (1st

---

[3] Section 1819(b)(2)(B) provides in relevant part that:

> (B) Removal
> Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

12 U.S.C. § 1819(b)(2)(B).

Cir. 1993) (noting that in the 1991 FIRREA amendment, the FDIC had to remove within ninety days when the FDIC has been substituted as party in a case). Thus, when the case was removed to federal court on October 2, 2015, the ninety-day limitation period had passed, and removal was improper.

It is not entirely clear, however, if the ninety-day removal clock should have started running when the FDIC was appointed as a receiver, or when the FDIC was officially substituted as a party. *Compare Woburn Five Cents Savings Bank v. Hicks*, 930 F.2d 965 (1st Cir.1991) (limitation period runs when FDIC is appointed as receiver);[4] *Lazuka v. Federal Deposit Ins. Corp.*, 931 F.2d 1530, 1537 (11th Cir. 1991) ("[T]he [90–day] limit begins to run upon [the FDIC's] receipt of notice that it has been appointed as receiver."); *with Federal Deposit Ins. Corp. v. Loyd*, 955 F.2d 316, 327 (5th Cir. 1992) (noting that removal limitations period starts running when the FDIC makes an appearance in state court); *Kirkbride v. Continental Casualty Co.*, 933 F.2d 729, 733 (9th Cir. 1991) (rejecting contention that removal period begins to run upon appointment of receiver).

Regardless of when the ninety-day removal period started to run, it is clear that the FDIC was unfashionably late to the party. Here, the two relevant dates are February 27, 2015 (date the FDIC was appointed as receiver) and May 21, 2015, (date that the FDIC was formally substituted for Doral Bank in state court). Docket No. 1-5 at 2. In either of those time frames the FDIC was well outside of the statutory ninety-day removal period. Since La Fosse timely

---

[4] The First Circuit decision on *Woburn* predated the 1991 amendment in FIRREA. *McDougald v. F.D.I.C.*, 848 F. Supp. 1073, 1075 n.3 (D. Mass. 1994). As a result, the circuit court applied the thirty-day removal period in the general removal statute. *Id.*

motioned the Court to remand the case back to state court, and the Court finds that the FDIC's removal was not timely, the case is hereby remanded.

## CONCLUSION

Based on the analysis above, the Court GRANTS the motion to REMAND the case to state court. As a result, the Court finds as moot all other pending motions.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of April, 2016.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
